## C. B. KENNEY v. VIN D. CUNNINGHAM and Clara M. Cunningham.

(144 N. W. 1076.)

**Promissory notes — payment — evidence — foreclosure — sheriff's deed.**

   Evidence examined, and *held*, that the notes given by one B. to the J. I. Case Company were collateral to the debt of the defendant C., and not accepted by the company as payment. Therefore the foreclosure proceedings which were based upon the debt of C. to the J. I. Case Company are regular, and title to the land passed to plaintiff upon receiving a sheriff's deed.

Opinion filed December 30, 1913.

   Appeal from the District Court of Sargent County, *Allen,* J.
   Affirmed.
   *Davis & Warren,* for appellants.
   The attempted foreclosure of the chattel mortgage was illegal and void. A mortgagee waives his lien by consenting to a sale of the mortgaged property by the mortgagor. Jones, Chat. Mortg. 5th ed. § 465; 7 Cyc. 47.
   A mortgagee who sells the mortgaged property without foreclosure is guilty of a conversion of the property, and the lien of the mortgage is extinguished. Force v. Peterson Mach. Co. 17 N. D. 220, 116 N. W. 84; Rev. Codes 1905, § 6145.
   Sale of chattels by mortgagee renders him accountable to the mortgagor on the same basis as though he had received the cash. Croze v. St. Mary's Canal Mineral Land Co. 143 Mich. 514, 114 Am. St. Rep. 677, 107 N. W. 92, 313.
   Sale by first mortgagee of personal property, without foreclosure, extinguishes the mortgage. Lovejoy v. Merchants' State Bank, 5 N. D. 623, 67 N. W. 956.
   Default in chattel mortgage must exist before foreclosure, in order to render power of sale in mortgage operative. Rev. Codes 1905, § 7457.
   If mortgage debt has been paid, equity will set aside sale made thereafter. 8 Ballard, Real Prop. § 578.

A foreclosure by advertisement before there is any sum due under the mortgage is void. Pratt v. Beiseker, 17 N. D. 243, 115 N. W. 835; 27 Cyc. 1451–1465.

An illegal foreclosure confers no title. Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Kirby v. Howie, 9 S. D. 471, 70 N. W. 640; 27 Cyc. 1496.

The burden of proof is upon the plaintiff to establish his title by competent evidence. Hebden v. Bina, 17 N. D. 235, 138 Am. St. Rep. 700, 116 N. W. 85; Ottow v. Friese,. 20 N. D. 86, 126 N. W. 503.

*Wolfe & Schneller,* for respondent.

The defendants are estopped to make claim that the debt had been paid. Payment is an affirmative defense, and the burden is upon the party asserting it. Robertson Lumber Co. v. State Bank, 14 N. D. 511, 105 N. W. 719.

Burke, J. In May, 1906, V. D. Cunningham, one of the defendants, purchased a threshing engine from the J. I. Case Threshing Machine Company, and executed and delivered therefor his promissory notes in the sum of $2,000, secured upon the engine itself, and further secured by a third· mortgage upon the quarter section of land involved in this action. The following year Cunningham became involved financially, and had an understanding with the Case Company through its agent that the engine should be sold to one Blanchard. Regarding the terms of this sale to Blanchard, there is no controversy. There is, however, a dispute as to the effect of this sale upon Cunningham's notes to the Threshing Machine ˙Company. Cunningham claims that he was to receive credit for the amount charged Blanchard for the engine, some $1,810, while it is the contention of the company that those notes were to be taken merely as collateral, and that Cunningham should receive credit only when Blanchard made payments upon the note. This controversy we will discuss later. Under this agreement, Blanchard took the engine, but shortly thereafter discovered that Cunningham had executed a chattel mortgage upon the engine during the time that it had been in his possession, which mortgage was subject to the original mortgage to the Case Company, but prior to the sale to Blanchard. To meet this situation, the

Case Company proceeded to foreclose the mortgage which it held from Cunningham upon the engine, bidding the same in themselves as a mortgage sale and crediting the proceeds, some $969, upon Cunningham's note. Shortly thereafter the said company resold the engine to Blanchard. It is also in evidence that Blanchard had not paid for the engine at the time when this action was commenced. At the time of the foreclosure of the chattel mortgage upon the engine, the Case Company also started foreclosure upon the real estate, and bid in the same themselves at the sum of $1,340, and a sheriff's certificate was delivered to them. This certificate was duly assigned to the plaintiff, Kenney, who later obtained a sheriff's deed to the premises, paid some of the prior mortgages upon the land, which amounted to something over $2,000, and ever since such time has paid the taxes thereon. Cunningham knew of the foreclosure aforesaid, but made no effort to prevent or redeem from the proceedings. After the sheriff's deed had been issued to plaintiff, Cunningham made a pretended conveyance of such premises to his sister-in-law, who in turn conveyed it to Cunningham's wife. The deed from Cunningham to his sister-in-law contains the provision that the same is subject to all encumbrances of record. This action is brought to quiet title to the real estate hereinbefore mentioned.

(1) The crucial point for decision is whether or not Cunningham's notes were paid by the acceptance by the Case Company of the Blanchard notes. If the notes given by Blanchard were accepted by the company as so much cash, Cunningham's notes would have been materially reduced, and the chattel mortgage upon the engine at least wiped out, though how this would vitiate the sale of the land is not so apparent. On the other hand, if the Blanchard notes were taken merely as collateral, the company would be under no obligation to refrain from the real estate foreclosure until they might eventually collect the debt from Blanchard. The printed abstract contains about 130 pages of more or less relevancy bearing upon this question. Its length forbids our setting it forth in this opinion, but after a careful examination of the whole of it, we have reached the conclusion that the claim of Cunningham is not supported by a preponderance of the evidence. We will mention but a few of the reasons that occur to us, supporting this conclusion. First, at about the time of the first transaction with

Blanchard, the agent of the Case Company gave to Cunningham a receipt for the Blanchard notes, which reads as follows:

Brittin, S. D., Aug. 10, 1907.

Received of V. D. Cunningham notes of M. P. Blanchard amounting to eighteen hundred and ten dollars ($1,810) which are taken as collateral to my notes due J. I. Case Threshing Machine Company, to be indorsed on the same as fast as collected.

(Signed)   J. I. Case Threshing Machine Company.

Per C. J. Phelps.

This receipt was kept by Mr. Cunningham until the time of trial. Second, at the said time, Cunningham did not demand nor receive his notes from the Case Company, nor did he ask to have the sum of $1,810 indorsed thereon. As the Cunningham indebtedness of $2,000 consisted of five notes of $400 each, he should have received four of the notes at this time, if his version of the transaction is correct. Third, Cunningham testifies that he repeatedly wrote to the company asking about the collections of money from Blanchard, and whether or not the proceeds of said collections had been indorsed upon his own notes. Fourth, from 1908 until the time of trial, Cunningham ceased to pay the interest upon the first mortgage upon this land, and also ceased to pay the taxes thereon. All of those four propositions show conduct so inconsistent with Cunningham's present claim that we are satisfied that the testimony of Phelps, the Case agent, is the true account of what occurred. This being so, it follows that Cunningham's notes aggregating $2,000 have in no manner been paid, excepting upon sale of the engine for some $960 and a very small payment by himself. The company had a valid and subsisting debt against Cunningham secured by the mortgage upon the land, which was duly foreclosed, and after the year for redemption had expired, title passed to plaintiff, Kenney. Neither did the surrender of first notes to Blanchard cancel any part of Cunningham's debt.

This is the view taken by the trial court, and is correct, and said judgment is in all things affirmed.